**In re CALIFORNIA LAND AND EQUIP-MENT LEASING COMPANY INC., a California Corporation, Debtor.**

**Bankruptcy No. 283–03198–W–7.**

United States Bankruptcy Court,
E.D. California.

April 23, 1984.

Boyden, Cooluris, Hauser & Saxe, Sacramento, Cal., for petitioners, The Bank of California & Sec. Pacific Nat. Bank.

Hansen, Boyd, Culhane & Mounier, Wohl, Cinnamon & Hagedorn, Sacramento, Cal., William P. Fairwell, for California Land & Equipment Leasing Co., Inc.

Francis W. Zilaff, Nancy Eichler, Law Offices of Melvyn J. Coben, Sacramento, Cal., for Trustee, Pat Morrow.

### MEMORANDUM OPINION AND DECISION RE: RELIEF UNDER CHAPTER 7

ROBERT E. WOODWARD, Bankruptcy Judge.

An involuntary petition was filed alleging the above-named debtor to be subject to the provisions of Chapter 7 of the Bankruptcy Code. The debtor contends that it is not a proper party to be the subject of involuntary relief under the provisions of Chapter 7 of the Bankruptcy Code as it is a farmer within the definition set forth in Section 101[17] of the Bankruptcy Code.

A trial was held to determine whether or not at least 80 per cent of the debtor's gross income was a result of farming.

The petitioning creditors contend that approximately 50 per cent of debtor's income was from non-farming sources.

The debtor contends that all gross income with the exception of some rental income derived from an interest in a mall came from farming. A witness for the debtor indicated that the amount of income from the mall was 14.5 or 15.7 per cent depending upon the method of accounting.

Using the figures presented by the debtor, debtor grew crops and received a gross income of $1,428,816.00 for the year in question. Debtor also contends that another $1,328,019.00 was contract income also as a result of farming.

The petitioning creditors contend that the contract income was a business venture and not income from farming.

From the evidence presented, the Court finds that debtor made contracts with other entities to have certain crops grown for it.

In a typical contract, the debtor was denominated as the "contractor" and the entity dealt with was called the "grower".

The grower selected the land, planted, irrigated, cultivated, and sold the crop. The proceeds were then distributed by the grower.

The evidence clearly indicates that with respect to the contract income, the debtor neither owned the land used nor operated the farming operation from which the income was derived as required in Section 101[17] of the Bankruptcy Code to-wit: "farmer" means person that received more than 80 per cent of such person's gross income ... from a farming operation *owned* or *operated* by such person. (Emphasis added) Therefore, the Court finds that as to the contract income, it was strictly a business transaction in which the debtor contracted with the grower for it to perform as a farmer with the debtor only furnishing money to enable the grower to farm with a sharing of the proceeds from the contractual agreement.

Again using the testimony of debtor's witness as to the $1,328.019.00 of gross income from the contracts, the Court finds that said income was the result of a business transaction and not of farming.

From this factual narration, the Court can come to only one conclusion. Namely, that debtor did not derive at least 80 per cent of its income from farming, and therefore the relief sought by the petitioning creditors should be granted and the procedure under Chapter 7 of the Bankruptcy Code should go forward with respect to the debtor.

This Memorandum Opinion and Decision shall constitute Findings of Fact and Conclusions of Law.